FILED
2020 Sep-03  PM 01:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NATALIE CALLAHAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | JURY DEMAND |
| JEFFERSON COUNTY BOARD | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| DEFENDANT. | | |

## COMPLAINT

### I.  JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and1343. This is a suit authorized and instituted pursuant to the Americans with Disabilities Act/Americans with Disabilities Act Amendments Act ("ADA/ADAAA"), Section 504 of the Rehabilitation Act of 1973 and the Family Medical Leave Act. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 12102, 42 U.S.C. § 12131 and 29 U.S.C. §§ 706, 794 *et seq*., as amended, and the FMLA, providing injunctive and other relief against disability discrimination in employment, retaliation and violations of the FMLA.

### II.  PARTIES

2.      Plaintiff, Natalie Callahan, is a female citizen of the United States and

1

is a resident of Birmingham, Alabama.

3.     Defendant, Jefferson County Board of Education, is a governmental entity within the State of Alabama, which employs at least fifteen (15) or more employees and is an employer within the meaning of the ADA/ADAAA and Rehabilitation Act.

## III. ADMINISTRATIVE PROCEDURES

4.     Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5.     Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred as a result of the actions of the Jefferson County Board of Education.

6.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of disability discrimination and retaliation.

7.     On November 19, 2019, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").  (Exhibit 1,

Plaintiff's EEOC Charge).

8.    Plaintiff's Dismissal and Notice of Rights was mailed by the U.S. Department of Justice Civil Rights Division/EEOC to the Plaintiff on June 5, 2020, and Plaintiff has filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights.  (Exhibit 2, Plaintiff's Notice of Right to Sue).

9.    All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLIAMS

### STATEMENT OF FACTS

10.    Plaintiff was hired by the Defendant in 2017 as a teacher.

11.    Plaintiff was a good employee and was promoted to the position of Math Facilitator or Lead Math Teacher.  Plaintiff would not have been offered and promoted into this position if there were issues with her performance.

12.    Plaintiff's Supervisor was Principal, Vicki Brasher.

13.    In or around January 2019, Plaintiff suffered from disabilities, including depression, causing her to seek medical attention and treatment. Plaintiff provided Principal Brasher with copies of her medical excuses.

14.    In or around January 2019, Plaintiff met with Principal Brasher and informed her she was struggling with depression and was actively working with a doctor to regulate her medication. Plaintiff requested to be accommodated regarding

her morning duty and to be assigned to afternoon duty because she was having depression related issues in the morning.

15.    Plaintiff was also having to go to physical therapy and provided Principal Brasher with a copy of her physical therapy schedule.

16.    Plaintiff tried to schedule her medical appointments in the afternoon after school whenever possible.

17.    Principal Brasher initially approved Plaintiff leaving school when the bell rang at the end of the day so Plaintiff could attend any medical/therapy appointments.

18.    After Principal Brasher was made aware of Plaintiff's medical issues she began making fun of Plaintiff and her medical issues in front of other employees.

19.    Principal Brasher also began treating Plaintiff differently and creating a hostile working environment.

20.    In early April 2019, Plaintiff was admitted to the hospital for medical treatment and Plaintiff contacted Principal Brasher to let her know and provided documentation regarding her medical treatment. Plaintiff also located a substitute teacher and created lessen plans for her students to be used while she was out of work.

21.    Plaintiff requested intermittent FMLA and after this request had issues with prescribed medications and issues related to her disability causing Plaintiff to

request to be off from work full time on FMLA leave. Plaintiff's FMLA requests were approved.

22.     Plaintiff informed Principal Brasher she was approved for FMLA leave and Principal Brasher became angry with Plaintiff and told her to leave her office.

23.     In mid to late April 2019, Plaintiff emailed Human Resources and engaged in protected activity and complained that she was being targeted by Principal Brasher because of her medical issues/disability.

24.     When Plaintiff did not receive a response from Human Resources, she emailed Jeff Caufield, Superintendent, and complained about the harassment and discrimination she was being subjected to because of her disability. Mr. Caufield informed Plaintiff to speak with Principal Brasher, the very person she was complaining about.

25.     On or about April 17, 2019, Plaintiff was informed by her physician that she needed to go on medical leave. Plaintiff requested to work on April 18, 2019 to go on a field trip with her students so she would not let them down.

26.     On or about April 18, 2019, Plaintiff attended the field trip with her students and when she returned to the school after the field trip Plaintiff informed Principal Brasher she was on full time FMLA leave and required more intensive care for her medical issues and disability.

27.     Even though Plaintiff's treating physician recommended Plaintiff go on

full time FMLA leave beginning on or about April 17, 2019 through the remainder of the school year. Plaintiff worked on April 18, 2019, and told Principal Brasher she would work through Tuesday, April 23, 2019, to allow Principal Brasher time to locate a substitute teacher. Principal Brasher refused Plaintiff's request to work through April 23, 2019.

28.     Plaintiff received notification that she was approved to take FMLA medical leave effective April 17, 2019.

29.     On or about May 24, 2019, while Plaintiff was on approved FMLA leave, she received a letter terminating her employment.

30.     Defendant, upon information and belief, has a habit and/or practice of discriminating against disabled employees and retaliating against employees that engage in protected activity.

31.     Defendant's illegal, discriminatory, harassing, retaliatory and adverse actions injured Plaintiff.

32.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

33.     Defendant condoned and tolerated discrimination, harassment, retaliation and other adverse actions toward Plaintiff.

34.     Plaintiff has no plain, adequate or complete remedy at law to redress

the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

35.     Plaintiff has satisfied all administrative prerequisites to bring this claim.

## COUNT ONE

### PLAINTIFF'S ADA/ADAAA AND SECTION 504 OF THE REHABILITATION ACT CLAIMS OF DISCRIMINATION, HARASSMENT AND RETALIATION

36.     Plaintiff alleges and incorporates paragraphs 1-35 as if fully set forth herein.

37.     Plaintiff is a qualified individual with the disability of depression and other qualifying disabilities.

38.     Plaintiff ought medical treatment for her disabilities, including depression.

39.     Defendant was aware of Plaintiff's disability and had a record of Plaintiff's disability.

40.     Defendant perceived or regarded Plaintiff as a person with a disability.

41.     Defendant perceived or regarded Plaintiff as having a disability that affected major life functions.

42.     Plaintiff's disabilities could be reasonable accommodated.

43.     Defendant failed to reasonably accommodate Plaintiff's disabilities.

44.     Defendant ridiculed Plaintiff because of her disabilities and treated her differently because of her disabilities.

45.     Defendant intentionally subjected Plaintiff to harassment and a hostile work environment because of her disabilities.

46.     After Plaintiff complained, Defendant failed to investigate or remedy the unlawful conduct.

47.     After Plaintiff complained, Defendant intentionally subjected Plaintiff to a retaliatory hostile work environment.

48.     Defendant unlawfully and intentionally terminated Plaintiff's employment and its decision was motivated by Plaintiff's disability and Plaintiff exercising her federally protected rights.

49.     Defendant is a recipient of federal funding.

50.     As a proximate result of Defendant's discrimination, harassment and retaliation, Plaintiff has suffered financial loss, loss of career advancement, loss of retirement, and emotional distress.

51.     Plaintiff seeks all equitable and/or prospective relief available at law from Defendant, including, but not limited to, specific performance, declaratory judgment, reinstatement, injunctive relief, surcharge, damages, or such other relief the Court may award.

52.     Plaintiff seeks all relief available at law from Defendant, including, but

not limited to, lost wages, lost benefits, lost retirement, loss of future earnings, compensatory damages, emotional distress damages, costs, interest, and attorney's fees.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S CLAIMS PURSUANT TO FMLA

53.    Plaintiff adopts and realleges paragraphs one (1) through thirty-five (35)  as if fully set forth herein.

54.    Plaintiff began working for the Defendant in 2017 as a teacher.

55.    In April 2017, Plaintiff applied for and was granted leave under the FMLA. Plaintiff was qualified for leave pursuant to the FMLA.

56.    Plaintiff supervisor, Principal Brasher, made derogatory and harassing remarks regarding Plaintiff's medical issues and leave.

57.    When Plaintiff informed Principal Brasher she was taking leave pursuant to the FMLA, Principal Brasher became angry at Plaintiff and ordered her out of her office.

58.    Plaintiff was terminated on or about May 24, 2019, while on approved FMLA leave.

59.    Defendant is a qualified employer under the FMLA and Defendant interfered with Plaintiff's FMLA leave.

60.    Defendant showed animosity toward Plaintiff for taking FMLA leave,

retaliated against Plaintiff and punished Plaintiff for her leave.

61.     Defendant took adverse actions against Plaintiff because of her approved leave under the FMLA.

62.     Plaintiff believes she was denied FMLA protection, harassed because of her leave, retaliated against and fired because of her FMLA leave.

63.     Defendant has interfered with Plaintiff's FMLA leave and fired Plaintiff in violation of the FMLA because Plaintiff exercised her rights under the FMLA.

64.     Defendant's actions as described herein are willful.

65.     As a result of Defendant's unlawful actions and violations of the FMLA as herein described, Plaintiff has suffered termination, lost wages, lost salary, loss of employment benefits and/or other compensation.

66.     Plaintiff seeks all equitable and/or prospective relief available at law from Defendant, including, but not limited to, specific performance, declaratory judgment, liquidated damages, reinstatement, injunctive relief, surcharge, damages, or such other relief the Court may award.

67.     Plaintiff seeks all relief available at law from Defendant, including, but not limited to, lost wages, lost benefits, lost retirement, loss of future earnings, liquidated damages, costs, interest, and attorney's fees, declaratory judgment and any other relief the Court may award.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

Respectfully submitted,

CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Tel: (205) 250-7866
Fax:(205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:

Ms. Natalie Callahan
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Jefferson County Board of Education
2100 18th Street South
Birmingham, AL 35209

CALLAHAN, NATALIE

v.

JEFFERSON COUNTY BOARD OF
EDUCATION

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | | CHARGE NUMBER |
|---|---|---|---|

**CHARGE OF DISCRIMINATION**

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

**AGENCY**

FEPA

EEOC

**CHARGE NUMBER**

420-2020-00550

and EEOC

_____ State or local Agency, if any _____

**NAME** (Indicate Mr., Ms., Mrs.)
Ms. Natalie Callahan

**SSN**

**DATE OF BIRTH**

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one list below.)

**NAME**
Jefferson County Board of Education

**NUMBER OF EMPLOYEES, MEMBERS**
500

**TELEPHONE** (Include Area Code)
205-379-2010

**STREET ADDRESS      CITY, STATE AND ZIP CODE**
2100 Richard Arrington Blvd S, Homewood, AL 35209

**COUNTY**
Jefferson

**NAME**

**TELEPHONE NUMBER** (Include Area Code)

**STREET ADDRESS      CITY, STATE AND ZIP CODE**

**COUNTY**

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

RACE      COLOR      SEX      RELIGION      AGE

XX RETALIATION      NATIONAL      ORIGIN      XX DISABILITY      OTHER (Hostile Work Environment)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)          LATEST (ALL)

March 2015      to      May 2019

CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)): I began working for the Jefferson County Board of Education in 2017 as a teacher. The first year of my employment, I was rewarded the position of Lead Math Teacher. I began having a few medical issues and the Principal began making fun of me. In April 2019, I emailed the Principal due to the fact that I was vomiting and was admitted to the emergency room and I missed one day of school. The Principal then instructed me via email to provide a doctor's excuse. That same month, I contacted Human Resources and informed them that I felt targeted and harassed by the Principal due to my medical issues. I only missed six days throughout the entire school year. Between April 12th and 13th, I emailed Jeff Cofield in Human Resources and complained. Mr. Cofield informed me that he didn't know how to handle my situation and I was sent a generic email stating that I should speak with the Principal. On April 17, 2019, I went to the doctor and was told I needed to go on FMLA. Around this time I informed the Principal that I was having medical issues. I was fired from my position on May 24, 2019. I held the position for two years. After receiving my last paycheck, I noticed the pay was incorrect. The school informed me that I had to pay back "sick leave" time. All of my evaluations were in good standing. I believe that I have been discriminated against, harassed, denied a reasonable accommodation, perceived and/or regarded as disabled, retaliated against, and terminated in violation of the ADA and Title VII.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate filing with them in the processing of my charge in accordance with their procedures.

**NOTARY** - (When necessary for State and Local Requirements)
Holly Dearman

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

*Natalie Callahan*

Date 11·19·19      **Charging Party** (Signature)

**SIGNATURE OF COMPLAINANT**

*Natalie Callahan*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)



HOLLY DEARMAN
My Commission Expires
November 7, 2023

CALLAHAN, NATALIE

v.

JEFFERSON COUNTY BOARD OF EDUCATION

# EXHIBIT 2



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

**VIA EMAIL**

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

June 05, 2020

Ms. Natalie Callahan
c/o Cynthia F. Wilkinson, Esquire
Wilkinson Law Firm
1717 3rd Avenue North
Suite A
Birmingham, AL  35203

Re:  EEOC Charge Against Jefferson County Board of Educ.
     No. 420202000550

Dear Ms. Callahan:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:  Title I of the Americans with Disabilities Act of 1990,  42 U.S.C. 12111, et seq., and,  Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Birmingham District Office, Birmingham, AL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Birmingham District Office, EEOC
    Jefferson County Board of Educ.